IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:21CR88 |
| v. | |
| JEREMIAH DENNEY, | MEMORANDUM AND ORDER |
| Defendant. | |

On July 21, 2021, defendant Jeremiah Denney ("Denney") entered a plea of guilty to Count I of the Superseding Indictment (Filing No. 20) charging him with strangulation or attempted strangulation of an intimate partner and dating partner. On the government's motion and pursuant to the plea agreement (Filing No. 31), the Court dismissed the remaining counts—Counts II, III, and IV of the Superseding Indictment.

On November 12, 2021, the Court sentenced Denney to 77 months in prison and 3 years of supervised release on Count I. Denney did not appeal.

Now before the Court is a hand-written "motion" from Denney seeking to withdraw his plea of guilty due to "ineffective assistance of counsel." He primarily asserts that his counsel "promised" he would receive a sentence of 40 months. Denney also seeks appointment of new counsel.

In light of Denney's allegations of ineffective assistance of counsel, the Court construes Denney's motion as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) ("Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a) '*is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004))). Of course, that preliminary decision does not

mean Denney has raised any valid grounds for relief or that his motion is procedurally sound. Indeed, Denney is reminded that his own sworn statements in response to my specific questions at his change-of-plea hearing undercut his current claim that his counsel "promised" him a specific sentence of 40 months and that her promise misled him into pleading guilty. In addition, the Court cautions Denney that if he succeeds in getting his guilty plea set aside, it could lead to reinstatement of all the charges (and potential penalties) the government dismissed pursuant to the plea agreement.

The Court's preliminary decision only means the Court will treat Denney's letter as a § 2255 motion unless and until he says otherwise. Before deciding the motion, the Court must also warn Denney "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *Id.* (citing *Castro v. United States*, 540 U.S. 375, 382-83 (2003)). In *Carillo-Castelloon*, then Chief Judge John Gerrard succinctly set forth the proper procedure to follow in these circumstances. *See id.*

To start, the Court must warn Denney that federal law substantially limits the filing of a "second or successive" § 2255 motion.[1] Therefore, Denney must ensure that he includes all "his claims for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. If Denney wants to add to the allegations in his letter or "has additional grounds for relief" to assert, "he should consider withdrawing his current motion, or seeking leave to amend it." *Id.* Failing to do so risks forever forfeiting those arguments or claims for relief.

---

[1] Section 2255(h) requires that an Eighth Circuit panel certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contain either
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Court also warns Denney that § 2255 motions are generally subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f) (explaining when the limitation period begins to run). Denney must make sure any motion he files under § 2255 is timely or it may be barred.

With those warnings in mind, the Court will allow Denney to amend or withdraw his present motion. That leaves him three basic options.

First, he can *withdraw* his current motion by notifying the Court in writing on or before June 17, 2022. If he withdraws his motion, he may assert a new § 2255 motion, but he would generally have to do so within the applicable one-year limitation period discussed above. *See id.* § 2255(f). If Denney decides to file a new § 2255 motion, he should use the appropriate form. The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

Second, Denney can *amend* his current motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have. If he chooses to amend his existing § 2255 motion, Denney must submit an amended motion on or before June 17, 2022. He can amend his motion by changing or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Denney can *notify* the Court by June 17, 2022, that he wants it to rule on his current motion *as submitted*. If Denney does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe Denney's silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted. Until Denney chooses his option, the Court declines to appoint counsel.

Based on the foregoing,

IT IS ORDERED:

1. On or before June 17, 2022, Denney shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.

2. If Denney does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.

3. The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Denney at his address of record.

4. Denney's motion for appointment of counsel is denied.

Dated this 10th day of May 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge