IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **8:21CR88** |
| v. | |
| JEREMIAH DENNEY, | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on defendant Jeremiah Denney's ("Denney") pro se "Motion to Withdrawal Plea" (Filing No. 43), which the Court construes as a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated below, the motion is denied without an evidentiary hearing.

## I.    BACKGROUND

On July 21, 2021, Denney pleaded guilty pursuant to a written plea agreement (Filing No. 31) to strangulation or attempted strangulation of an intimate partner and dating partner in violation of 18 U.S.C. § 113(a)(8) and 1153.  The Court sentenced him to 77 months in prison and 3 years of supervised release and dismissed the remaining charges against him.  Denney did not appeal.

Denney now seeks to withdraw his plea based on "ineffective assistance of counsel." *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  According to Denney, his appointed counsel "promised" him "that he would receive a 40 (FORTY) month sentence upon entering into the" plea agreement and coerced him into entering a plea.  Denney also reports a "serious breakdown" in the attorney-client relationship that caused him "to have extreme concern that deficient representation would occur from his counsel."  Asserting violations of his due process rights, Denney discordantly requests that he be allowed to withdraw his plea and "adhere to the 40 month agreement."

Given the nature of Denney's allegations, the Court, on initial review, construed his motion as one for collateral relief under § 2255. *See United States v. Burnett*, 35 F.4th 1147, 1149 (8th Cir. 2022) (explaining "[a] motion for collateral relief pursuant to 28 U.S.C. § 2255 is the proper vehicle for asserting claims regarding performance of counsel"). To verify Denney's intent before ruling on the motion, the Court issued a Memorandum and Order (Filing No. 44) that warned him about the consequences of filing a § 2255 motion, gave him an opportunity to challenge the Court's recharacterization of his motion, and explained how to avoid those consequences. *See Castro v. United States*, 540 U.S. 375, 382 (2003) (delineating that process). The Court also cautioned him about the risk of having all his charges reinstated if he succeeded in having his plea set aside.

The Court gave Denney three options. *See id.* He could withdraw his motion, amend it, or ask the Court to rule on it as submitted. *See id.* The Court advised Denney that if he failed to respond by June 17, 2022, the Court would rule on his motion as submitted.

Upon learning that Denney's copy of the Court's Memorandum and Order was returned as undeliverable on June 8, 2022, the Clerk of Court remailed it to Denney's current address within the federal Bureau of Prisons. The Court in turn extended the response deadline to July 17, 2022.

To date, Denney has not responded and there is nothing in the record to suggest he did not receive the remailed copy of the Court's Memorandum and Order. Because Denney has not timely responded, the Court will rule on his § 2255 motion as submitted.

## II.    DISCUSSION

### A.    No Ineffective Assistance of Counsel

Section 2255(a) gives federal prisoners a limited opportunity to challenge a sentence that was "imposed in violation of the Constitution or laws of the United States" or that "is otherwise subject to collateral attack." "The claimed violation must be 'a fundamental

2

defect which inherently results in a complete miscarriage of justice.'" *Gray v. United States*, 833 F.3d 919, 923 (8th Cir. 2016) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). "Anything less is not cognizable under § 2255." *Id.*

Although the Court will ordinarily order the government to respond to a § 2255 motion and hold a hearing on any contested issues, those steps are unnecessary if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Feather v. United States*, 18 F.4th 982, 989 (8th Cir. 2021) ("[N]o hearing is required . . . if the record affirmatively refutes the factual assertions upon which it is based." (quoting *New v. United States*, 652 F.3d 949, 954 (8th Cir. 2011))). Such is the case here.

The gravamen of Denney's motion is that his counsel was ineffective because she pressured him to plead guilty and "promised" he would receive a 40-month sentence. He attributes her actions to a belief that Denney "deserve[d] to do time." Denney's "*post hoc* assertions" about "his attorney's deficiencies" and her alleged promise that he would receive a guaranteed 40-month sentence are flatly at odds with the record. *Lee v. United States*, 582 U.S. ___, ___, 137 S. Ct. 1958, 1967 (2017) (directing judges to "instead look to contemporaneous evidence to substantiate a defendant's expressed preferences").

At Denney's change-of-plea hearing, the Court engaged him in an extensive colloquy about the consequences of pleading guilty, including the charges and potential penalties he faced and the rights he was giving up. Denney confirmed he understood that (1) he could receive up to 10 years in prison and (2) the United States Sentencing Guidelines ("Guidelines") would affect his sentence, but his Guidelines range would not be known until after a presentence investigation report was prepared. Denney further stated he understood the Court could sentence him outside of his advisory Guidelines range and that he would not have a right to withdraw his guilty plea if the Court did not follow the sentencing recommendations in the plea agreement.

3

As to his plea agreement, Denney stated that he voluntarily and willingly signed it after reviewing it with his counsel. He denied having any complaints about his counsel and confirmed no one had forced him, threatened him, or made any promises to induce him to enter his guilty plea.

Given Denney's unequivocal sworn testimony at his plea hearing, his post hoc allegations that his counsel was ineffective because she forced him to plead guilty and promised him a 40-month prison sentence carry little weight. *See Thomas v. United States*, 27 F.3d 321, 325 (8th Cir. 1994) (deciding the defendant could not properly "contend that his lawyer told him that he likely would receive a lesser sentence in view of his sworn statement at the plea proceedings that, apart from the plea agreement, there had been no other 'promises or predictions of any kind' that influenced his decision to plead guilty"); *Premachandra v. United States*, 101 F.3d 68, 69 (8th Cir. 1996) (rejecting ineffective-assistance claim based on the defendant's detailed plea colloquy); *cf. United States v. Granados*, 168 F.3d 343, 345 (8th Cir. 1999) (per curiam) ("[A] defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence.").

The plea colloquy is long and thorough for a reason. *See* Fed. R. Crim. P. 11; *McCarthy v. United States*, 394 U.S. 459, 465 (1969). Rule 11 primarily serves to protect a defendant's rights and produce a complete record of the voluntariness of a defendant's guilty plea. *See McCarthy*, 394 U.S. at 465. Ideally, a good record also "tends to discourage, or at least to enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." *Id.*; *see also United States v. Williams*, 536 F.2d 247, 250 (8th Cir. 1976) (concluding "the district court was not required to conduct an evidentiary hearing on allegations which amounted to no more than a bare contradiction of statements petitioner made when she pled guilty").

4

A guilty plea "is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *Walker v. United States*, 115 F.3d 603 (8th Cir. 1997) (alteration in original) (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). For that reason, Denney's sworn "representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (quoting *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997)). Denney neither rebuts that presumption nor overcomes that barrier here.

Denney's "present attempt to withdraw his guilty plea reflects only his dissatisfaction and disappointment that he received a more severe sentence than he anticipated." *Thomas*, 27 F.3d at 325. That is not a sufficient basis for relief under § 2255.

### B.     No Certificate of Appealability

A federal prisoner cannot appeal a final order denying a § 2255 motion without a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Denney has not made that showing, the Court will not grant him a certificate of appealability.

Based on the foregoing,

IT IS ORDERED:

1.     Defendant Jeremiah Denney's pro se "Motion for Withdrawal" (Filing No. 43) construed as a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is denied without an evidentiary hearing.

2.     No certificate of appealability will issue.

3.      A separate judgment will be entered.

4.      The Clerk of the Court is directed to mail a copy of this Memorandum and Order and the Judgment to Denney at his address of record.

Dated this 2nd day of September 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

6